[Doc. No. 39)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| AJAX ENTERPRISES,<br><br>            Plaintiff,<br><br>    v.<br><br>DECLAN FAY, et al.,<br><br>            Defendants. | Civil No. 04-4539 (NLH) |

**<u>OPINION AND ORDER</u>**

This matter is before the Court on plaintiff's Motion for Leave to File an Amended Complaint [Doc. No. 39] filed on January 17, 2007.  Plaintiff proposes to amend its complaint to add the following entities as plaintiffs: Ajax Enterprises, Inc. ("Ajax"), Ajex Enterprises, Inc. ("Ajex"), Ujex Enterprises, Inc. ("Ujex"), Q-Town, Inc. ("Q-Town") and Tjax Invest. Corp. ("Tjax").  Plaintiff avers that Ajax Enterprises was originally named as the only plaintiff but the complete name of the company is Ajax Enterprises, Inc.  Defendants Declan Fay ("Declan") and Industrial Insurance Agency ("Industrial") oppose plaintiff's motion. [Doc. Nos. 40, 41].  For the reasons to be discussed, plaintiff's motion is GRANTED subject to the conditions set forth in this Opinion and Order.

The background of this matter is set forth in the Honorable Noel L. Hillman's December 7, 2006 Opinion [Doc. No. 42] denying Plaintiff's Motion for Summary Judgment and Industrial's Cross-Motion for Summary Judgment.  By way of brief summary, Ajax brought

negligence claims against Declan and Industrial alleging that by failing to place Ajax with an existing and viable worker's compensation insurance carrier, defendants breached their duty as insurance brokers. Ajax seeks reimbursement of the finder's fee and all premiums paid in the amount of $192,340.94, a declaration that defendants are obligated to assume the defense and indemnification of all claims, including currently unknown claims that would have been covered, and a determination that it is a "successful claimant" entitling it to payment of attorney's fees incurred in bringing this action. See Opinion at 1.

Plaintiff is owned by Justin Sciarra. Mr. Sciarra submitted a Certification that he owned and operated Ajax, Ujex and Q-Town. He further certified that Ajax, Ajex and Ujex ceased operations in December 2002. Although Mr. Sciarra's Certification indicates that all of the companies were under the "auspices" of "Ajax" he testified that these companies, of which he is the sole officer and shareholder, are separately owned and operated. See Opinion at 12. When the District Court denied plaintiff's Motion for Summary Judgment it noted, in part, that in support of its damage claim Ajax submitted copies of checks from Ajax, Ujex, Ajex and Q-Town. The Court further noted, "[s]ummary judgment cannot be awarded on Ajax's request for reimbursement if the monies were partially paid by other companies". Id. at 3. Plaintiff's motion seeks to add as party plaintiffs all the corporate entities that made the payments it is claiming the defendants must reimburse.

Plaintiff filed its Motion for Leave to Amend shortly after

its Motion for Summary Judgment was denied. Plaintiff seeks to add as named plaintiffs all the entities that issued checks to defendants. Fact discovery in the case is complete but expert reports have not yet been produced. No trial date has been set. The underlying complaint was filed on September 20, 2004.

It is well settled that leave to amend a pleading shall be freely given in the absence of undue or unexplained delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, or futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962); Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002). The decision whether to grant or deny a motion for leave to amend "rests within the sound discretion of the district court." Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 654 (3d Cir. 1998).

Defendants make two arguments in support of their opposition to plaintiff's motion. First, defendants argue plaintiff's request to amend its complaint is late. They point out that plaintiff knew about the payments in question when the complaint was filed and it had the opportunity to join the proposed new parties at that time. Defendants are undoubtedly correct that plaintiff's motion to amend could have been filed earlier. The complaint in this action was filed on September 20, 2004 and fact discovery ended on January 12, 2007. (See November 7, 2006 Amended Scheduling Order, p. 1 [Doc.

3

No. 34]). However, the mere fact that plaintiff's motion could have been filed earlier is not determinative on whether its proposed amendment should be granted. See Adams v. Gould, Inc., 739 F.2d 858, 869 (3d Cir. 1984)(the mere passage of time, without more, does not require that a motion to amend a complaint be denied); Deakyne v. Commissioners of Lewes, 416 F.2d 290, 300 n. 19 (3d Cir. 1969)(delay alone is an insufficient ground to deny an amendment). It is not unusual for pleadings to be amended long after a complaint is filed and even at the summary judgment stage of a case. Adams, 739 F.2d at 869. Indeed, amendments may be made during trial, after the close of testimony, or even after judgment. See Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d §1494, pp. 51-52. Although plaintiff undoubtedly knew about the proposed new parties when the complaint was filed, it promptly moved to amend its complaint after the District Court issued its December 7, 2006 Order and Opinion. There is no evidence that plaintiff's motion was motivated by bad faith.

Defendants' second argument is they will be prejudiced by plaintiff's amendment. The prejudice to the nonmoving party is the "touchstone" for the denial of an amendment pursuant to Fed. R. Civ. P. 15(a). Cornell & Co., Inc. V. Occupational Safety and Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978). The burden of proving prejudice resulting from an amendment is on the nonmoving party. In re Bristol-Myers Squibb Securities Litigation, 228 F.R.D. 221, 228 (D.N.J. 2005). Prejudice in this context involves a showing that "an unfair disadvantage or deprivation will

result by allowing the amendment." Id. "Prejudice" for purposes of deciding whether to permit a proposed amendment involves serious impairment of the non-party's ability to present its case. Harter v. GAF Corp., 150 F.R.D. 502, 509 (D.N.J. 1993). Further, undue prejudice exists where the nonmoving party shows it would be unfairly disadvantaged or deprived of the opportunity to present facts or evidence that it would have offered. Harrison Beverage Co. v. Dribeck Importers, Inc, 113 F.R.D. 463, 468 (D.N.J. 1990).

The Court disagrees with defendants' argument that it will be unduly prejudiced by plaintiff's amendment. Plaintiff points out in its Reply Brief ("R.B.")[Doc. No. 41] that during the course of this litigation defendants were aware of the entities it now seeks to add to the complaint. Plaintiff also notes that it produced all of the checks at issue in discovery, not just those issued by Ajax. RB at 3. In addition, plaintiff notes that defendants were in possession of all relevant checks when Mr. Sciarra's two-day deposition was conducted. RB at 3-10. This evidence demonstrates that defendants should not be surprised by the joinder of the new parties. While some inconvenience may result from the joinder of new parties in the case, incidental prejudice is not a sufficient basis to deny an amendment. In re Bristol Myers, 228 F.R.D. at 228. As a result, plaintiff's motion will be granted.

Although this Court grants Plaintiff's Motion to Amend, appropriate steps must be taken to cure any undue prejudice that

could result from the amendment.[1]  At this late date the new plaintiffs will not be permitted to assert new damage claims.  This Court agrees that if new damage claims are asserted at this late date, defendants will be prejudiced.  The assertion of new claims will undoubtedly lead to substantial additional discovery and motion practice, and a further delay in the final resolution of the litigation.  This Court does not believe this is appropriate nor is it justified. Consequently, although the Court grants plaintiff's leave to amend, the new parties are barred from asserting a damage claim different than the claim Ajax has been asserting to date. The Court is permitting the amendment in order to address Ajax's concern that the named plaintiffs include all corporate entities that made the payments in question.  The amendment <u>is</u> <u>not</u> intended to permit the new parties to assert new damage claims.

Defendants argue they will be prejudiced because they have not conducted discovery regarding the new parties.  To the extent defendants need relevant additional discovery regarding the new parties, the Court will grant them leave to conduct the discovery. <u>See</u> <u>Adams</u>, 739 F.2d at 869 (indicating that only extensive additional discovery results in prejudice).  The Court will be setting a date for a scheduling conference to discuss future

---

1.   Declan believes plaintiff may seek damages "in the form of costs incurred and payments made to employees allegedly covered by the Sciarra-owned entities' non-existent workers compensation policy". Brief at 3.  As a result, Declan argues, it will be prejudiced by an amendment because the defendants have not had an opportunity to examine Sciarra about damages incurred as a result of workers compensation claims paid by Sciarra-owned entities other than Ajax.  <u>Id</u>.

discovery in the case. If, for example, the defendants reasonably believe they need to re-depose Justin Sciarra, they will be given leave to question him regarding new issues that arise because of the joinder of the new parties. However, the Court will not grant defendants leave to conduct discovery that should have been taken before the expiration of the discovery deadline. The parties are directed to immediately confer regarding additional discovery they need because of the joinder of the new parties, if any, and the short time period they will need to complete the discovery.

Accordingly, for all the foregoing reasons,

IT IS hereby ORDERED this **7th** day of **March, 2007,** that plaintiff's Motion to Amend its Complaint is GRANTED;

IT IS FURTHER ORDERED that plaintiff shall file and serve the Amended Complaint attached to its motion [Doc. No. 39] within seven (7) days of the date of entry of this Order; and

IT IS FURTHER ORDERED that plaintiff's Amended Complaint shall be subject to the conditions expressed in this Order; and

IT IS FURTHER ORDERED that the new party plaintiffs are barred from asserting damage claims different than the claim Ajax has been asserting to date; and

IT IS FURTHER ORDERED that a separate Scheduling Order will be entered setting a date for a status conference to discuss the future proceedings in this case resulting from this Order.[2]

>                     s/ Joel Schneider
>                     JOEL SCHNEIDER
>                     United States Magistrate Judge

---

2.  Declan notes that some of the entities plaintiff proposes to add as new plaintiffs no longer exist.  See Brief at 4 n.1.  This Opinion and Order does not address the merits of plaintiff's Amended Complaint.  Based upon the present record, the Court cannot rule that plaintiff's Amended Complaint is "futile."  When assessing futility the same standard applies when evaluating a motion to dismiss under Fed. R. Ci. P. 12(b)(6).  Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000).  "Futility" of amendment exists when the claim or defense does not include a showing of plausibility sufficient to present a triable issue. Harrison Beverage Co., 133 F.R.D. at 468.  If a claim appears to be sufficiently well-grounded in fact or law so that it is not a frivolous pursuit, the claim is not futile.  Id. at 469.  This Opinion and Order also does not address whether the "relation back" provision of Fed. R. Civ. 15 (c) is applicable here.  The issue is not presently before this Court.