IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| AJAX ENTERPRISES, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DECLAN FAY, et al.,<br><br>    Defendants. | Civil No. 04-4539 (NLH) |

**OPINION AND ORDER**

This matter is before the Court on plaintiffs' April 2, 2007 informal letter request to amend their answers to interrogatories and Rule 26 disclosures to assert a new damage claim. Defendants object to the amendment. The Court heard oral argument on May 7, 2007. After considering the written and oral arguments of the parties, it is hereby Ordered that plaintiffs' requested amendment is DENIED.

Background

The factual background of this matter was summarized in this Court's March 7, 2007 Opinion and Order granting Plaintiff's Motion for Leave to File an Amended Complaint [Doc. No. 43]. See Ajax Enterprises v. Fay, C.A. No. 04-4539 (NLH), 2007 WL 766335 (D.N.J. 2007). By way of brief summary, Ajax Enterprises ("Ajax") is a Professional Employer Organization ("PEO"). A PEO is a company that provides integrated business services to its clients. A PEO delivers these services by "establishing and maintaining an employment relationship with clients' employees by contractually

assuming substantial employer rights, responsibilities, and risks." See Complaint at ¶4, Doc. No. 1.  Ajax brought negligence claims against defendants Declan Fay and Industrial Insurance Agency alleging that by failing to place Ajax with an existing and viable worker's compensation insurance carrier, defendants breached their duty as insurance brokers.  Ajax seeks reimbursement of the finder's fee and all premiums paid in the amount of $192,340.94, a declaration that defendants are obligated to assume the defense and indemnification of all claims, including currently unknown claims that would have been covered, and a determination that it is a "successful claimant" entitling it to payment of attorney's fees incurred in bringing this action.  Ajax Enterprises, supra at *1.

As to the procedural history of this case, the original Complaint was filed on September 20, 2004. [Doc. No. 1].  On February 9, 2006, Ajax filed its first Motion for Summary Judgment.  Defendants filed their Cross Motion for Summary Judgment on March 14, 2006.  On December 7, 2006, the Honorable Noel L. Hillman, U.S.D.J., entered an Order denying the parties' Motions.  After Ajax's Motion was denied it filed a Motion to Amend its Complaint on January 17, 2007  [Doc. No. 38].  The original plaintiff in this matter was Ajax Enterprises.   With leave of court, plaintiffs filed their Amended Complaint on March 14, 2007, adding as named plaintiffs Ajax Enterprises, Inc. ("Ajax"), Ujex Enterprises, Inc. ("Ujex"), Q-Town, Inc. ("Q-Town") and Tjax Invest. Corp. ("Tjax").  When this Court granted Ajax's Motion to Amend on March 7, 2007 its Opinion and Order cautioned, "although the Court grants plaintiffs

2

leave to amend, the new parties are barred from asserting a damage claim different than the claim Ajax Enterprises has been asserting to date." Ajax Enterprises, supra at *3.  This Court further wrote, "[t]he amendment is not intended to permit the new parties to assert new damage claims." Id. (emphasis in original).  On April 9 and 20, 2007, defendants filed new Motions for Summary Judgment. [Doc. Nos. 54, 56].  Plaintiffs' filed a Cross Motion for Summary Judgment as to liability on April 26, 2007. [Doc. No. 56].  These Motions have not been decided.  All fact and expert discovery in the case is complete.  The Final Pretrial Conference is scheduled on July 13, 2007.

The issue presently before the Court is plaintiffs' request to amend their answers to interrogatories and Rule 26 disclosures to include a new damage claim.  On January 22, 2007, Ajax notified defendants for the first time that it was claiming that T& L Transportation, Inc. "discontinued its business relationship with the Plaintiffs because of the lapse in insurance...."  See Plaintiffs' April 2, 2007 Letter Brief at 2, Doc. No. 48.[1]  Defendants argue that plaintiffs' amendment is late and prejudicial.  [Doc. No. 60].

Ajax admits that the first time it notified defendants of the T&L damage claim was on January 22, 2007 when it listed the claim in a damage summary letter it sent the Court.  Prior to that date the T&L claim was never identified in Ajax's Rule 26 disclosures

---

1. During oral argument on May 7, 2007, plaintiffs' counsel informed the parties that the new damage claim is asserted on behalf of Ujex and Q-Town.

3

and answers to interrogatories.[2] Plaintiffs allege the first time they learned T&L did not renew its business with them because of their insurance problems was on January 7, 2007 at the deposition of T&L's Vice President, Leslie R. Bredell, which was taken in a related state court litigation. In May 2005, T&L filed a state court Complaint against Ajax, Ujex, Q-Town, and others, and alleged it suffered damages because of the plaintiffs' failure to procure proper insurance.

Discussion

Pursuant to Fed. R. Civ. P. 26(e)(1) and (2), a party is under a duty to supplement its Rule 26 disclosures and answers to interrogatories if the answers served in the case are incomplete. Courts have used a four (4) part test to determine whether a party breached its duty to amend under Rule 26(e): (1) whether there was a prior response; (2) whether the response became materially incorrect or incomplete; (3) whether the party knew that the response was incomplete; and (4) whether the correct information was otherwise made known to the other party through the discovery process or in writing. Pfizer, Inc. v. Teva Pharmaceuticals USA, Inc., C.A. 04-754 (JCL), 2006 WL 2938723, *3 (D.N.J. 2006). Pursuant Fed. R. Civ. P. 37(c)(1), a party who without substantial justification fails to amend a prior response to discovery as required by Rule 26(e)(2) is not, unless such failure is harmless, permitted to use as evidence at trial any information not

---

2. The Court assumes, but is not certain, that Ujex, Q-Town and Tjax never served separate Rule 26 disclosures.

disclosed.  "Rule 37 is written in mandatory terms, and is designed to provide a strong inducement for disclosure of Rule 26(a) material."  Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div., 60 F.3d 153, 156 (3d Cir. 1995)(quotations and citations omitted). In Pfizer, Inc., supra at *4, the Court looked at the following factors to determine if withheld evidence should be excluded: (1) the importance of the information withheld; (2) the prejudice or surprise to the party against when the evidence is offered; (3) the likelihood of disruption at trial; (4) the possibility of curing the prejudice; (5) the explanation for the failure to disclose, and; (6) the presence of bad faith or willfulness in not disclosing the evidence.  The burden of establishing substantial justification and harmlessness is on the party that failed to make the required disclosure.  M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc., C.A. 97-1568 (JAG), 2007 WL 979854, *12 (D.N.J. 2007)(citing Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir. 2001)).

   This Court will deny plaintiffs' request to amend their damage claim because it is late and the defendants will be substantially prejudiced by the amendment.  Furthermore, the requested amendment is not harmless and there is no substantial justification for plaintiffs' delay in raising the T&L damage claim.  Although Mr. Bredell was not deposed until January 7, 2007, plaintiffs knew or should have known long before this date that a plausible reason for why T&L did not renew its contract was because of problems plaintiffs had placing their insurance.  This should have put

5

plaintiffs on notice to inquire of T&L why T&L did not renew its contract. In turn this would have alerted Ujex and Q-Town of their damage clam against defendants related to the T&L contract. Nevertheless, plaintiffs admitted at oral argument they did no investigation in this case regarding whether they could assert the non-renewal of the T&L business as an element of their damage claim. Plaintiffs also provided no good explanation for why they never took Mr. Bredell's deposition in this case. Another reason why plaintiffs should have been aware of the T&L damage claim long before January 22, 2007 was because T&L sued plaintiffs in a separate state court action in May, 2005 based on actions plaintiffs' claim was the fault of the defendants in this case. Moreover, in October 2005, plaintiffs filed a third-party complaint in T&L's state court action relating to the non-renewal of T&L's business. It is plain, therefore, that plaintiffs knew or should have known at least as early as May 2005, that a possible explanation for why T&L did not renew its contract was because of defendants' actions. Plaintiffs' proposed amendment comes after the end of fact and expert discovery, after the filing of two rounds of summary judgment motions, and on the eve of the Final Pretrial Conference. Plaintiffs' request to assert a new damage claim is unquestionably late.

More importantly, not only is plaintiffs' new damage claim late, but the defendants will be substantially prejudiced if plaintiffs' proposed amendment is granted. At this stage of the case all fact discovery is complete and expert reports have been

6

exchanged. As set forth in Declan Fay's May 4, 2007 letter brief [Doc. No. 60], if plaintiffs' amendment is granted it will inevitably open the door to another round of substantial fact and expert discovery and depositions, and will likely necessitate the need for a new round of expert reports. Many of the depositions that must be taken to address plaintiffs' new claim are of witnesses who were already deposed. Defendants should not be compelled to incur substantial unnecessary transaction costs because plaintiffs now want to assert a new damage claim more than 2 ½ years after their complaint was filed, and virtually on the eve of the Final Pretrial Conference. This is especially true since plaintiffs knew or should have known about the T&L damage claim at least as early as May 2005.

When this Court granted Ajax Enterprises leave to amend their complaint on May 7, 2007, the Court specifically noted that it would not permit plaintiffs to assert new damage claims. The reason was obvious--an amendment at this late stage of the litigation would inevitably delay trial and substantially prejudice defendants. Despite this Court's admonition, plaintiffs are now attempting to accomplish what this Court specifically prohibited in its March 7, 2007 Opinion. The Court granted Plaintiffs' Motion to Amend to add new plaintiffs with the clear and unmistakable proviso that it would not permit the new plaintiffs to assert new damage claims that had not previously been raised by Ajax Enterprises.

It is also noteworthy that plaintiffs acknowledge that when they filed their Motion to Amend their Complaint on January 17,

7

2007 [Doc. No. 38] they were aware of the T&L damage claim. Nevertheless, plaintiffs' Motion did not mention that one of the reasons they wanted to add Ujex and Q-Town as named plaintiffs was so that they could assert the new T&L damage claim. In fact, Plaintiffs' Brief in support of their Motion to Amend represented that if the Motion was granted it would not result in any additional discovery. Plaintiffs' Motion argued that the new plaintiffs should be added to the case to seek reimbursement of the same finder's fee and premiums that Ajax Enterprises had been requesting. Specifically, Plaintiffs' Brief stated:

> As part its claim, the proposed Plaintiffs seek reimbursement of the same finder's fee and all premiums paid. The Defendants were long ago provided with copies <u>all</u> of the subject checks and wire transfers of the proposed Plaintiffs. <u>There are no further documents responsive to any of the discovery requests that would differ for any of the proposed new Plaintiffs.... Accordingly, the proposed amendment will not cause the need to extend discovery in this matter</u>.

<u>See</u> Brief at 5, Doc. No. 38-3 (emphasis supplied). This Court will not permit plaintiffs to amend their damage claim after plaintiffs represented in their Motion to Amend that if new parties were added to the case no new damage claims would be asserted. If plaintiffs had revealed in their Motion that they wanted to assert a new damage claim on behalf of Ujex and Q-Town, it is likely the Court's ruling on Plaintiffs' Motion to Amend would have been different.

Accordingly, for all the foregoing reasons, it is hereby

8

ORDERED this 15th day of May, 2007, that plaintiffs' request to amend its answers to interrogatories and Rule 26 disclosures to assert a new damage claim relating to the non-renewal of T&L's business is DENIED.

s/ Joel Schneider<br>
JOEL SCHNEIDER<br>
United States Magistrate Judge